# SHIPPEN *v.* BOWEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted April 22, 1887. — Decided May 27, 1887.

In an action in tort, for the breach of an express warranty that bonds sold to plaintiff were genuine and valid bonds of a municipality, when in fact they were forgeries, and false and fraudulent, to which was joined a declaration in deceit on the same cause of action, the warranty is the gist of the action, and it is not necessary to allege or to prove a *scienter*.

THIS writ of error brought up for review a judgment of the Circuit Court of the United States for the District of Colorado, in an action brought by the plaintiff in error to recover dam-

ages for the delivery to him of certain sheets of written and printed paper, purporting to be the valid and genuine bonds, with interest coupons attached, of the county of Clark, in the state of Arkansas, issued under and in accordance with the provisions of an act of the General Assembly of that state, approved April 29, 1873, entitled "An act to authorize certain counties to fund their outstanding indebtedness;" but which instruments, it was alleged, were "false and spurious forgeries," imposing no legal obligation whatever upon said county. The plaintiff alleged that, in consideration of a certain sum paid by him in cash to the defendant, the latter sold and agreed forthwith to deliver to him valid and genuine bonds of said county, of the above description, but delivered the said spurious and forged bonds in execution of the terms of such sale and agreement; that the defendant, at the time of such delivery, "falsely and fraudulently represented and warranted" said forged bonds "to be genuine and valid bonds and interest coupons of said county;" that the plaintiff, "relying on such representation and warranty, received and accepted the same from defendant, supposing them to be such genuine and valid bonds and interest coupons;" and that, "by said tortious and wrongful act and fraudulent breaches of said agreement and warranty of genuineness, done and committed by defendant in the delivery by him as aforesaid of such spurious, forged, and altered instruments, the plaintiff had been subjected to great loss and damage," &c.

The defendant denied that the bonds and coupons delivered by him were spurious or forged, and averred that they were, in law, genuine, valid obligations of the county of Clark, and were delivered by him in the belief that they were of that character. He also denied that "he ever, at any time, expressly or by implication, warranted said bonds and coupons so sold and delivered by him to plaintiff to be genuine bonds and coupons of said county of Clark." He averred that the plaintiff purchased and received them "at his own risk as to the validity and genuineness thereof, and without any warranty on the part of defendant, express or implied, against such defects or infirmities in said bonds and coupons."

The original complaint and answer contained other allega-
tions, but it is not necessary in the view taken of the case, to
set them out.

The plaintiff amended his complaint, adding all the allega-
tions which are essential, under any system of pleading, to
support an action for deceit. These allegations were traversed
by the defendant, and, upon a trial before a jury, there was a
verdict and judgment, in his favor.

The bill of exceptions stated that the plaintiff, to sustain the
issues on his part, introduced evidence tending to show that at
the date mentioned in the complaint defendant sold to him,
for eight thousand dollars, ninety-one sheets of paper purport-
ing to be Clark County, Arkansas, funding bonds; that said
sheets of paper were forgeries, and not genuine bonds, as they
purported on their face to be; that defendant, at the time of
sale, expressly affirmed their regularity and validity, although
he knew, or had reason to suspect, at the time, that they
were not genuine and valid; that plaintiff believed and sup-
posed that they were genuine and valid, and relied upon
defendant's representations to that effect; and that plaintiff
had no notice or knowledge that defendant was acting in said
sale as agent for another person.

The defendant introduced evidence tending to show that
said papers were genuine and valid Clark County, Arkansas,
funding bonds; that at the time of the sale he made no state-
ment, representation, or warranty as to their genuineness or
validity, but, on the contrary, stated that he knew nothing of
the circumstances under which they were issued; that he had
neither notice nor knowledge of any want of validity or of
any defects in said bonds, nor notice of any facts which would
have aroused suspicion in reference to them; that, in the sale
of said bonds to plaintiff, he was acting as the agent of Charles
W. Tankersley, from whom he had received the bonds shortly
before their sale, but did not at the time disclose to plaintiff
his agency.

The court charged the jury that, upon the facts conceded
before them, the bonds, by reason of certain unauthorized
alterations of the coupons, were not valid and genuine obliga-

tions of the county of Clark. The jury were also instructed, that whoever sells such instruments as those delivered to the plaintiff, " if nothing whatever be said in respect to their character, by the act of selling warrants them to be the genuine obligations of the county ; that is, that they are not forged or counterfeited, but are the true and proper obligations of the county, such as they purported to be on their face ; and upon an action for breach of warranty, or an action upon the contract, the defendant would undoubtedly, beyond all question, be liable for the amount which he received for the bonds ; . . . but this action is not of that character, that is, it is not an action upon the contract alone. As I said to you in the outset, it is an action for a false representation, or for a misrepresentation of fact, and there must be something more to maintain this action than the implied warranty which arises from the act of selling, and which is an inference of law coming from the act of selling." The court said further upon the subject of warranty: " It is not claimed that there were any direct representations in respect to the genuineness of those bonds made at the time of the sale thereof, except in this way : I think Mr. Shippen states that the defendant said he would warrant the title to the bonds. I will not undertake to repeat what the witnesses said in respect to that matter ; the only witnesses were the parties to the suit, I believe, as to what was stated at the time." Without giving more of the charge, it is sufficient to say that its scope is indicated by the circuit judge in the opinion delivered by him when denying the plaintiff's motion for a new trial. He said : " The complainant charges that, to induce plaintiff to purchase certain bonds, the defendant represented that they were genuine and valid bonds, whereas, in truth and in fact, they were worthless forgeries. The court charged the jury that it was necessary for plaintiff to show that the defendant, at the time of the sale of the bonds to the plaintiff, misrepresented the facts concerning their genuineness. In other words, the court was of the opinion, and so charged the jury, that plaintiff could not recover in this action by merely proving a sale of the bonds to him by defendants and that the

bonds were forgeries. It was held to be necessary to prove knowledge cn the part of the defendant of the forged character of the bonds, or an express misrepresentation concerning the fact of their genuineness. The counsel for plaintiff insists that in such a case as this no *scienter* need be alleged, nor if alleged need be proved. I am unable to concur in the soundness of this proposition."

*Mr. George E. Adams* for plaintiff in error.

*Mr. G. G. Symes* for defendant in error.

The court charged the jury in substance that on the evidence the bonds were invalid; that if the action had been brought on the contract of sale for the value of the bonds the defendant would have been liable; that the action is not one of contract, but an action for false representations and deceit, and to maintain such action there must be proof of false representations or of the *scienter* or knowledge of the fraud.

Fraud in all cases implies a wilful act on the part of any one whereby another is sought to be deprived by illegal or inequitable means of what he is entitled to. Kerr on Fraud and Mistake; *Green* v. *Nixon*, 23 Beav. 530, 535.

In the case of the sale of goods and chattels the rule of *caveat emptor* applies to the title unless the seller knows he has no title and conceals the fact. Kerr on Fraud and Mistake, 105, 106, 108, and cases there cited.

The vendor is not bound to disclose to the vendee the ownership of the property he is engaged in selling, but he is bound to abstain from making any misrepresentations respecting the ownership. Kerr on Fraud and Mistake, 86, and the cases there cited. In *Young* v. *Coville*, 8 Johns. 23, 24 [*S. C.* 5 Am. Dec. 316], which was an action of deceit, the court says: " It is well settled that this action cannot be sustained without proving actual fraud in the defendant and an intention to deceive the plaintiff by false representations."

In *Mahurin* v. *Harding*, 28 N. H. 128 [*S. C.* 59 Am. Dec. 401], the averments and proof required both in assumpsit on warranty

·of title, and in an action of trespass on the case for deceit, and ·the distinctions are clearly set forth and many cases cited.

· The learned judge in this case has classified many authorities covering all the questions that arise in the case at bar and ·reference to the learned opinion is all-sufficient in this controversy.

Did the court charge the jury in accordance with these rules of law? The judge charged the jury "that the plaintiff could recover if the defendant had actual knowledge ·of the way in which the bonds were issued; that is, of the facts which made them illegal, or made any representations whatsoever regarding ·them." It seems to us this was extending the rule too far against the defendant. But it cannot certainly be maintained that the charge was not very favorable to the plaintiff.

Judge McCrary, in his opinion overruling the motion for a new trial, says, "it is an action *ex delicto* in the usual form of a declaration for deceit. The complaint charges that to induce plaintiff to purchase certain bonds, the defendant represented them as genuine and valid bonds, whereas in truth and in fact they were worthless forgeries. The court charged the jury that it was necessary for the plaintiff to show that defendant at the time of the sale of the bonds to plaintiff, misrepresented the facts concerning their genuineness. In other words, the court was of the opinion, and so charged the jury, that plaintiff could not recover in this action by merely proving a sale of the bonds to him by the defendant and that the bonds were forgeries. It was held to be necessary to .prove knowledge on the part of the defendant of the forged character of the bonds, or an express misrepresentation concerning the fact of their genuineness. The counsel for the plaintiff. insists that in such a case as this no *scienter* need be alleged, nor if alleged need be proved. I am unable to concur in the soundness of this proposition." This presents the whole case very precisely. .

It is unnecessary to ·pursue the argument.· Everything we contend for consists of undeniable, elementary propositions. That the *scienter* is the very gist of a tort; that a recovery cannot be had in an action of tort without averring and prov-

ing the *scienter*, and that this is an action *ex delicto*, to wit : an action of trespass on the case for deceit, cannot be controverted.

The charge of the district judge and the opinion of the circuit judge in overruling the motion for new trial make the case so plain, elaboration in the argument is unnecessary.

MR. JUSTICE HARLAN, after stating the case as above reported, delivered the opinion of the court.

We are of opinion that it was error to instruct the jury that the plaintiff could not recover, in the present action, unless he established the *scienter* upon the part of the defendant. The original complaint — though, perhaps, not in the most concise language — made a case in tort for the breach of an express warranty in the sale of the bonds. The bill of exceptions states that the evidence in behalf of the plaintiff tended to show that, although the defendant knew or had reason to suspect, when the bonds were sold, that they were not genuine and valid, he " expressly affirmed their regularity and validity." These words may not necessarily import an express warranty. But no particular phraseology or form of words is necessary to create a warranty of that character. As was held by the Court of Appeals of Maryland, in *Osgood* v. *Lewis*, 2 H. &. G. 495, 518, " any affirmation of the quality or condition of the thing sold, (not uttered as matter of opinion or belief,) made by the seller at the time of sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase ; if so received and relied on by the purchaser, is an express warranty. And in cases of oral contracts, on the existence of these necessary ingredients to such a warranty, it is the province of the jury to decide, upon considering all the circumstances attending the transaction." To the same effect are *Henshaw* v. *Robins*, 9 Met. 83, 88 ; *Oneida M'f'g Society* v. *Lawrence*, 4 Cowen, 440, 442 ; *Cook* v. *Moseley*, 13 Wend. 277 ; *Chapman* v. *Murch*, 19 Johns. 290 ; *Hawkins* v. *Berry*, 5 Gilman (Ill.) 36 ; *McGregor* v. *Penn*, 9 Yerger, 74, 77 ; *Otts* v. *Alderson*, 10 Sm. & Marsh. 476. The

plaintiff was clearly entitled to go to the jury on the issue as to an express warranty. But he was, in effect, denied that right by the instruction that he could not recover in this action, unless he proved a *scienter*. It is true his pleadings also contained every allegation essential to support an action for deceit, apart from the issue as to express warranty. But the cause of action in tort for the breach of the express warranty was not obliterated, or removed from the case, because it was joined with a cause of action for deceit.

In *Schuchardt* v. *Allens*, 1 Wall. 359, 368, which was an action on the case for a false warranty on the sale of certain goods — the declaration also containing a count for deceit — the court said that it was now well settled, both in English and American jurisprudence, that either case or assumpsit would lie for a false warranty, and that, "whether the declaration be in assumpsit or tort, it need not aver a *scienter;* and if the averment be made, it need not be proved." It was also said, that, "if the declaration be in tort, counts for deceit may be added to the special counts, and a recovery may be had for the false warranty or for the deceit, according to the proof. Either will sustain the action." See also *Dushane* v. *Benedict*, 120 U. S. 630, 636. In 1 Chitty's Pleadings, 137, the author says, that case or assumpsit may be supported for a false warranty on the sale of goods, and that, "in an action upon the case in tort for a breach of a *warranty* of goods, the *scienter* need not be laid in the declaration, nor, if charged, could it be proved." In *Lasseter* v. *Ward*, 11 Iredell Law, 443, 444, Ruffin, C. J., citing *Stuart* v. *Wilkins*, Doug. 18, and *Williamson* v. *Allison*, 2 East, 446, said: "It was accordingly there held that the declaration might be in tort, without alleging a *scienter;* and, if it be alleged in addition to the warranty, that it need not be proved. The doctrine of the case is, that, when there is a warranty, that is the gist of the action, and that it is only when there is no warranty that a *scienter* need be alleged or proved. It is nearly a half century since the decision, and during that period the point has been considered at rest, and many actions have been brought in tort, as well as *ex contractu*, on false warranties." And so in *House* v. *Fort*, 4

Blackford, 293, 295, it was said that "the breach of an express warranty is of itself a valid ground of action whether the suit be founded on tort or on contract;" and that, "in the action on tort, the forms of the declaration are, that the defendant falsely and fraudulently warranted, &c., but the words falsely and fraudulently, in such cases, are considered as only matters of form." But as to the *scienter*, the court said, "that is not necessary to be laid, when there is a warranty, though the action be in tort; or, if the *scienter* be laid, in such a case, there is no necessity of proving it." See also *Hillman* v. *Wilcox*, 30 Maine, 170; *Osgood* v. *Lewis*, 2 Harr. & Gill, 495, 520; *Trice* v. *Cockran*, 8 Grattan, 442, 450; *Gresham* v. *Postan*, 2 Car. & P. 540.

As the evidence entitled the plaintiff to go to the jury upon the issue of express warranty as to the genuineness of the bonds and coupons, and as the jury were in effect instructed that he could not recover, unless upon allegation and proof of the *scienter*,

*The judgment is reversed, and the case is remanded, with instructions to set aside the judgment and grant a new trial.*

MR. JUSTICE FIELD dissented.