[No. 7113.   Decided February 7, 1908.]

THOMAS FORD, *Respondent*, v. GEORGE H. SMITH *et al.*, *Appellants.*[1]

SALES — ACTION FOR PRICE — DEFENSES — BREACH OF WARRANTY. Upon a defense of breach of warranty in an action for the purchase price of horses sold, the defendants need not prove *scienter*, and it is error to instruct that the burden was on defendants to show that the vendor knew that the facts warranted were false, even though the answer also pleaded deceit and false representations.

SAME—TRIAL—INSTRUCTIONS.   Error in such an instruction is not cured by the fact that it might have been applicable in an action for deceit.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 26, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Reversed.

*Aust & Terhune, McBride & Dalton,* and *W. B. Stratton,* for appellants, cited: *Shippen v. Bowen,* 122 U. S. 575, 7 Sup. Ct. 1283, 30 L. Ed. 1172; *Watson v. Jones,* 41 Fla. 241, 25 South. 678; *Johnson v. Gulick,* 46 Neb. 817, 65 N. W. 883, 50 Am. St. 629; *Carter v. Glass,* 44 Mich. 154, 6 N. W. 200, 38 Am. Rep. 240; *McKee v. Jones,* 67 Miss.

[1]Reported in 93 Pac. 909.

405, 7 South. 348; *Huntington v. Lombard,* 22 Wash. 202, 60 Pac. 414; *Jones v. Emerson,* 41 Wash. 33, 82 Pac. 1017; *Tacoma Coal Co. v. Bradley,* 2 Wash. 600, 27 Pac. 454, 26 Am. St. 890; *Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson,* 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Daniel v. Glidden,* 38 Wash. 556, 80 Pac. 811.

*Jay C. Allen,* for respondent, cited: *Northwestern S. S. Co. v. Dexter Horton & Co.,* 29 Wash. 565, 70 Pac. 59; 14 Am. & Eng. Ency. Law (2d ed.), pp. 85-88; *Staines v. Shore,* 16 Pa. St. 200, 55 Am. Dec. 492; *West v. Emery,* 17 Vt. 583. 44 Am. Dec. 356.

DUNBAR, J.—This action was brought by the respondent to recover the purchase price of a team of horses sold to the appellants. The appellants answered, alleging false representations and deceit on the part of the plaintiff in the sale of the horses, to wit, that the plaintiff represented that the horses were sound and true; also that the plaintiff warranted the horses to be sound and true; and that, upon the delivery of the horses to the defendants and trial by them of said horses, it was discovered that the representations made by the plaintiff were false, and that the horses were not sound, or at least that one of them was not, in that he was what is termed "windbroken" or unsound in wind, and also balky. The answer is a long one, setting up with great particularity all the circumstances of the trade, but what we have stated is, in substance, the answer and indicates the issues involved. Verdict was rendered in favor of the plaintiff. Judgment was entered, and appeal taken.

The court, among other things, instructed the jury as follows:

"If you do find that the plaintiff warranted the horses, even if you do find that the horses were not as represented, yet the defendants must show by a fair preponderance of the

evidence that the plaintiff knew at the time that said representations were false; that is, that the plaintiff knew at the time that the horse was unsound in wind and balky, and further that defendant relied on said statements."

The court further instructed:

"Before you can find a verdict for the defendant you must believe from a preponderance of the evidence that plaintiff did make the representations as to the horse being sound and free from defects as claimed by defendant, and you must further believe that the defendants relied thereon, and further that they were false, and you must go further and find that plaintiff knew they were false when he made them."

Other instructions along the same line were given, but the ones set forth we think sufficiently indicate the error which it is alleged the court made. These instructions constituted prejudicial error. In an action for breach of a warranty it makes no difference whether the seller knew that the alleged facts which he warranted to be true were true or not. The warranty is the contract upon which the purchaser relies, and the breach of the warranty constitutes the gist of the action. If it were otherwise, a warranty would have no more force or effect than a representation without a warranty; and when warranty is relied upon, it is well established that the *scienter* need not be alleged or proven. It is true that the answer in this case also alleges false representation and deceit. But these allegations do not destroy the allegations in relation to warranty, or prevent a recovery upon proof of the breach of the warranty. *Shippen v. Bowen*, 122 U. S. 575, 7 Sup. Ct. 1283, 30 L. Ed. 1172, and cases cited.

The respondent recognizes the force of this position, but claims that the instructions of a court must be viewed by this court in the light of the circumstances surrounding the case which is tried, and asserts that the theory of a warranty was an afterthought on the part of the appellants, and that the case was framed and tried on the theory only of false representations and deceit. But the answer directly alleges a war-

ranty and the breach thereof, and the testimony of the appellants is plain and positive to the effect that the respondent did warrant and guarantee to the appellants that the horses were sound and true. It is true this testimony is contradicted by the respondent, but the jury had a right to determine these issues under proper instructions, and in this case, even if they had found that the warranty had been made as alleged and sworn to, they could not have found in favor of the appellants unless they had further found that the respondent knew that the alleged facts which he warranted to be true were untrue at the time the warranty was made, a finding which, as we have seen, it was unnecessary for the jury to make.

In view of the fact that another trial will be had, we express no opinion on the questions of false representations and deceit which developed in this case and which raise the questions so often raised in cases of this kind, as to what was a false representation of fact and what was a mere expression of opinion, questions which are largely determined by the circumstances of the particular case. But for the error above discussed, the judgment must be reversed, with instructions to grant a new trial.

HADLEY, C. J., ROOT, MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.