## MURRAY CO. v. MORGAN et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

No. 1911.

**1. Pleading 92—Defense of breach of warranty and counterclaim for deceit may be joined.**

When growing out of the same transaction, deceit and breach of warranty are not inconsistent, so that defendant, in an action on notes given for the purchase price of machinery, can join with his defense of breach of warranty a counterclaim for deceit.

**2. Sales 285(3)—Notice machine did not perform well is sufficient notice of breach of warranty.**

Where the warranty of a machine was in general terms, that it was made of good material and would perform well if properly operated, a notice that machine did not perform well was sufficient compliance with the requirement that the notice state wherein it failed to conform to the warranty.

**3. Sales 288(2)—Provision that use for 10 days without notice of defects shall be conclusive evidence of fulfillment of warranty is valid.**

In a contract for the sale of machine with warranty of satisfactory performance, a provision that use for any 10 days without notice of failure to conform to warranty shall be conclusive evidence of the fulfillment of the warranty was valid.

**4. Sales 285(3)—After one notice of breach of warranty, buyer may wait reasonable time for repairs.**

Where buyer of machine gave notice to seller, within 10 days after it was put into operation, that it did not conform to the warranty, the buyer could wait a reasonable time after giving such notice for the seller to make proper adjustments in the machine to remedy the difficulty, as it had a right to do under the contract, and the operation of the machine during that time without giving additional notices did not defeat the buyer's right to claim breach of warranty under the clause that operation of the machine for any 10 days without notice should be conclusive evidence of fulfillment of the warranty.

**5. Sales 285(4)—Provision that assistance by seller does not excuse failure to give notice does not apply to attempt to remedy defects under warranty.**

A provision that, if the seller shall, at the request of the buyer, render assistance in operating the machinery, that fact shall not excuse the failure of the buyer to perform the conditions of the warranty, applies to a voluntary assistance on the part of the seller, and does not prevent the attempt by the seller to make the machine conform to the warranty, after complaint by the buyer, from being a waiver of defects in the notice of breach of warranty.

**6. Sales 441(1)—Evidence held to warrant inference of sufficient notice of breach of warranty or of waiver thereof.**

Evidence that, the day after the buyers put the machine in operation, they telegraphed to the seller to send an engineman at once, to which the seller replied by promising to send a man, who thereafter came, with subsequent correspondence between the parties, and later attempts to make the machine satisfactory, held to warrant the jury in finding that the telegram and the subsequent correspondence were sufficient notice of breach of warranty, or that the requirement for such notice had been waived by the seller.

**7. Sales 441(4)—Evidence that cotton gin, which did not produce marketable product, was worthless, is not incredible.**

Testimony by defendants, who had considerable experience in ginning cotton, after describing the results secured by the use of the machine sold

by plaintiff, that the gins and feeders were worthless, is not incredible, since a machine which fails to produce a standard product may be not only worthless, but a great detriment, to one engaged in the business of ginning for the public.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by the Murray Company against S. A. Morgan and another, to recover the amount of four notes given for the purchase price of machinery, in which the defendants alleged a breach of warranty and filed a counterclaim for deceit. Judgment for the plaintiff for a part only of the amount claimed, and plaintiff brings error. Affirmed.

Ernest F. Cochran, of Anderson S. C. (W. D. Ellis, Jr., of Atlanta, Ga., and J. W. Quattlebaum, of Anderson S. C., on the brief), for plaintiff in error.

T. Frank Watkins, of Anderson, S. C. (Samuel L. Prince, of Anderson, S. C., on the brief), for defendants in error.

Before WOODS and WADDILL, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge. In this action on four notes, aggregating $10,297.97 and interest, the validity of which was admitted, the jury found a verdict for only $4,985.18. The notes were given for balance of the purchase price of machinery for a ginning plant—two for the balance on the engine and two for the balance on the gins and attachments. Separate contracts were made for the engine and the gins, but they were practically cotemporaneous and one transaction. The warranty, identical in both papers, was as follows:

"Said machinery is warranted to be of good material, and to perform well, if properly operated by competent persons. Upon starting, if the purchaser at any time within 10 days is unable to make same operate well, telegraph or written notice stating wherein it fails to conform to the warranty is to be given by the purchaser to the Murray Company, at Atlanta, Ga. (and not verbally to any of its traveling men), and reasonable time shall be given the Murray Company to remedy the defect, the purchaser rendering all necessary and friendly assistance; and, in case trouble be caused from a clearly defined original defect in the machinery itself, the Murray Company reserves the right to replace any defective part or parts, without charge, but such defective part or parts shall not condemn the machine to which it belongs. If on trial the machine cannot be made to fulfill the warranty, and the fault is in the machine itself, the amount of the purchase price of same is to be credited on the notes pro rata, or the money paid thereon refunded pro rata; the purchaser in such case not to have nor make any claim for damages of any nature or character whatsoever against the Murray Company by reason of the failure of said machine to fulfill the warranty, but the pro rata diminution of purchase price aforesaid to be the sole and only element of damage for breach of this warranty. Failure of any article named herein to comply with this aforesaid warranty shall in no way affect this contract, nor the notes and chattel mortgage and trust deed given in accordance therewith as to the other articles named therein. Failure to make such trial, or to give such notice, shall be conclusive evidence of the fulfillment of the warranty. If the Murray Company shall, at the request of the purchaser, render assistance of any kind in operating said machine, or any part thereof, or in remedying any defects at any time, said assistance shall in no case be deemed an acknowledgment on its part of a breach by it of this warranty, or a waiver

of, or excuse for, any failure of the purchaser to fully keep and perform the conditions of this warranty."

The defendants set up as a defense breach of warranty, and as a counterclaim alleged false and fraudulent representation:

"That the Murray Company had installed in Anderson county, S. C., and in neighboring counties a number of ginnery systems or outfits similar to that offered defendants and that all of said outfits were performing well, had always performed well and were giving perfect satisfaction to the purchasers."

[1] We think the demurrer to the counterclaim was properly overruled. When growing out of the same transaction, deceit and breach of warranty are not inconsistent causes of action, and may be joined. The gist of the action in such case is usually the breach of the warranty. But obviously cases may arise where the damages from the deceit may be greater than from the breach of the express warranty. Shippen v. Bowen, 122 U. S. 575, 578, 7 Sup. Ct. 1283, 30 L. Ed. 1172; Schuchardt v. Allen, 1 Wall. 359, 368, 17 L. Ed. 642; Kimber v. Young, 137 Fed. 744, 747, 70 C. C. A. 178. It follows that the defendants may join the defense of breach of warranty with counterclaim for deceit. Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; Railroad v. Smith, 21 Wall. 261, 22 L. Ed. 513. Since the counterclaim for deceit was before the court testimony in support of it was properly admitted.

But the defendants did not claim rescission, and the alleged deceit as to the unsatisfactory work of other like machinery was of no consequence if the machinery sold the defendants met the warranty. Under the evidence the counterclaim for deceit faded away, leaving as the material issue the claim for damages for breach of warranty. The District Judge, therefore, properly limited the defendants' recovery to damages for breach of the warranty.

The plaintiff asked for a directed verdict for the full amount claimed because the defendants had not met the two conditions required by the contract to make the warranty available: First, they had not in the notices given stated wherein the machinery failed to conform to the warranty; and, second, they had not given notice of the defect alleged every 10 days while the machinery was in use.

[2] The machinery was warranted in general terms "to be of good material and to perform well if properly operated by competent persons." The contract required the notice of the purchaser to state "wherein it fails to conform to the warranty." Notice that the machinery did not perform well was notice wherein it did not conform to the warranty that it would perform well. The contract did not require that the purchaser should ascertain and notify the seller why the machinery did not conform to the warranty. The case in this respect is distinguished from the cases cited by plaintiff's counsel, holding that where the contract required notice "wherein the machine was faulty," or "of the specific defect," or like requirement, a notice that the machinery was not working satisfactorily was insufficient. 50 L. R. A. (N. S.) note, p. 788.

[3, 4] The contract provision, that "use for any 10 days without notice shall be conclusive evidence of the fulfillment of the warranty,"

was valid.  Case Threshing Machine Co. v. Dyches, 108 S. C. 412, 418,. 94 S. E. 1051; International Harvester Co. v. Law, 105 S. C. 520, 90· S. E. 186.  But this does not mean that, after one notice is given by the purchaser and acknowledged by the seller, the purchaser must con-- tinue to bombard the seller with a new notice to the same effect every 10 days.  Construing this provision in connection with that which allows the seller reasonable time after notice to remedy the defect, the· fair construction is that the purchaser cannot use the machinery any· 10 days without giving notice that it fails to perform well; but after he has given the notice the seller, as the contract provides, has a reasonable time to respond, and no further notice is required within that time. Surely no additional notice is required after the seller has responded to the notice and undertaken to make good the warranty in compliance with the purchaser's notice or demand for his legal right under the contract.

[5] But it is said that, under another provision of the warranty, nothing that the seller does in response to the notice can relieve the purchasers from the obligation to repeat the notice every 10 days, although the seller may be engaged at the very time in the effort to make· the machinery perform well in response to a notice already given.  The · provision relied on is the following:

"If the Murray Company shall, at the request of the purchaser, render as-· sistance of any kind in operating said machinery, or any part thereof, or in remedying any defects at any time, said assistance shall in no case be deemed . an acknowledgment on its part of a breach by it of the warranty, or a waiver of, or excuse for, any failure of the purchaser to fully keep and perform the · conditions of this warranty."

The mere assistance "in operating said machinery, or any part thereof, or in remedying any defects at any time" "at the request of the · purchaser," here mentioned, means a voluntary act of assistance on the part of the seller, and is a very different thing from the legal obliga-· tion assumed in the warranty by the seller to itself remedy the defect . on the specific notice required of the purchaser.  Observing this distinction, it seems clear that although the mere gratuitous accommodation of assistance to the seller at his request in operating the machine, or remedying a defect does not constitute waiver of the written notice required to bring into existence the legal obligation of the seller to · remedy any defect, yet the undertaking by the seller to discharge its own express legal obligation—not to assist the purchaser but to itself· remedy the defect—in response to an irregular or insufficient notice is evidence of waiver of the irregularity or insufficiency of the notice. Lorenz v. Hart-Parr Co., 146 Wis. 261, 131 N. W. 446, 50 L. R. A. (N. S.) 796, note 797.  In the light of this construction of the contract, defendants' evidence below recited justified the inference that the purchasers had given the required notice of the breach of the warranty, or, if they had not, that the seller had waived the insufficiency.

[6] Defendants began to run the machinery on October 1, 1920.  On October 2d they telegraphed the plaintiff, "Send engine man at once." The jury might well find that the plaintiff understood from this that the · engine was not "performing well."  Plaintiff's answer implied accept-·

ance of the notice as sufficient and a promise to remedy the defect. On October 7th the defendants wrote a letter saying they were having quite a lot of trouble, complaining of the belts, and stating that if the gins could not be made to work satisfactorily they did not want them. On the 8th plaintiff telegraphed that two belts had been sent. About the same time the agent of plaintiff who sold the machinery appeared at defendants' ginnery, and, according to the testimony of the defendant Morgan, said he would wire the company and have a good gin man to come and straighten the defendants out. On the 27th Jessen and Woodward came. The jury might well infer that their coming was in response to the telegram of October 2d and the letter of October 7th, and in pursuance of plaintiff's answers to the telegram and letter. Plaintiff was by the contract entitled to a reasonable time to respond to these notices before another 10 days began to run. The jury might well infer that the defendants were justified in waiting on the plaintiff until October 27th.

Woodward did not leave until October 29th, and a new period of 10 days would not commence until that time. After Woodward left, defendants operated the machinery until November 3d, less than 10 days from October 29th, and then wrote another complaint of failure of the gins to perform well, and of consumption of too much fuel by the engines. Two days afterwards, November 5th, plaintiff wrote promising to send an expert oil man to make necessary adjustments. Again another 10 days did not begin to run until another agent of plaintiff, Millizor, came on November 23d. After that defendants ran the plant only on December 1st, 2d, 3d, 4th, 10th, 17th, 18th, 24th, 30th, and 31st. But on the 31st—before the expiration of the tenth day of use from the time Millizor left—Delk, another agent sent by plaintiff, came to remedy the defects. December 31st and January 1st could not be counted against the defendants because the plaintiff, through Delk, was then participating in running the machinery and trying to put it in order.

This summary of the testimony shows that the jury might well infer: First, that the notices were not sent by defendants or received by plaintiff as mere requests for assistance, but were in the nature of demands that the Murray Company should comply with its legal obligation to make the machinery perform well; second, that the defendants did comply with the requirement that they should not use the machine for any 10 days without notice to the plaintiff within the meaning of the contract; and, third, that even if the notices were not in time, or were irregular from any other cause, the plaintiff waived the irregularities by acting upon the notices. It follows that the District Judge was right in his construction of the contract, and in refusing to direct a verdict for lack of notice by the defendants.

[7] The testimony as to damages in all cases like this must of necessity lack accuracy. But both defendants, having considerable experience with ginning, after describing the results to the cotton of the use of the gins, testified the gins and feeders were worthless. We cannot say this was incredible, for a gin that does not gin clean, and in other respects fails to produce a standard result, may be not only

worthless, but actually a great detriment, to one engaged in the business of ginning for the public.

We have discussed all of the 44 assignments that seem to be of consequence, and find no error.

Affirmed.