## MURRAY CO. v. ASHLEY.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

No. 1912.

1. Sales ⬅285(3)—Notice of breach of warranty held sufficient.

Where the machine sold was warranted to perform well, and the buyer was required to give notice stating wherein the machine failed to conform to the warranty, a telegram, requesting the seller to send a man to look over the engine and gin, which were not satisfactory now, was sufficient notice.

2. Sales ⬅286—Seller cannot complain buyer waited unreasonable time for seller's performance of promise.

Where the sale contract required the buyer to give the seller an opportunity to remove defects, so as to make the machine conform to the warranty, and the seller, after notice from the buyer the machine was not satisfactory, promised to send a man to adjust it, the seller cannot complain that the buyer thereafter waited an unreasonable time for the seller to perform his promise.

3. Sales ⬅285(4)—Statement seller would do nothing more waives requirement of future notice of breach of warranty.

A statement by the seller, after several attempts to make the machine conform to warranty, that it would do nothing further, was a waiver of future notices that the machine did not conform to warranty, required by the contract.

4. Sales ⬅445(5)—Evidence held to take to the jury questions whether notice of breach was given or was waived.

In action on notes given for the purchase price of machines, evidence *held* sufficient to take to the jury the issues whether the buyer had given notice of the breach of warranty, as required by the contract, and whether the seller had waived such notice.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by the Murray Company against Joe M. H. Ashley. Judgment for the plaintiff for part only of amount sued for, and plaintiff brings error. Affirmed.

Ernest F. Cochran, of Anderson, S. C. (W. D. Ellis, Jr., of Atlanta, Ga., and J. W. Quattlebaum, of Anderson, S. C., on the brief), for plaintiff in error.

T. Frank Watkins, of Anderson, S. C. (G. B. Greene and C. B. Earle, both of Anderson, S. C., on the brief), for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge. In this action on promissory notes given for the balance of purchase money for machinery, the legal questions

are the same as in Murray Co. v. S. A. Morgan and W. L. Bond, 280 Fed. 499, this day decided. The contracts are identical. On the issue of failure to give the notice required to make the warranty effective, the facts are somewhat different.

[1] The defendant began to use the machinery on October 8th. On October 13th—less than 10 days thereafter—the defendant sent this telegram to the plaintiff:

"Send a man to look over engine and gin. Not satisfactory now."

This was sufficient notice of failure to comply with the general warranty that the machinery should "perform well," and was a statement "wherein it failed to conform to the warranty." The plaintiff answered the telegram on the same day:

"Have wired Woodward, care L. H. Bagwell Piedmont see you at once."

Woodward arrived on October 17th and worked on the machinery until October 27th. It is apparent that the 10 days period did not run against the defendant after the plaintiff answered his telegram until October 27th, when its work was completed.

[2] The plaintiff went to Atlanta on November 1st, less than 10 days after Woodward had completed his work, and complained in person to one Vass in the company's office of defects in the machinery. Vass promised to send a man to repair the defects complained of, but this promise was not performed. The acceptance by the plaintiff at its general office of this verbal complaint and the verbal promise of Vass, apparently acting for plaintiff, to act on it, was evidence of waiver of the requirement that complaint should be made by telegram or letter. The 10 days did not again begin to run against the defendant until the plaintiff had had a reasonable time to perform this promise. It did not lie in the mouth of the plaintiff to complain that the defendant waited an unreasonable time for it to comply with its promise.

It appears from defendant's testimony that he did nothing more until November 29th, when he again complained in person at the Atlanta office. It was a question for the jury to determine whether the defendant had waited an unreasonable time for the plaintiff to respond without making further complaint.

[3] When, on November 29th, the plaintiff in its office in Atlanta told the defendant that it would do nothing further, this was in effect a notice to the defendant that he need make no further complaints, that they would be disregarded, and put an end to the condition that running the machinery for 10 days without complaint would work a forfeiture of his rights under the warranty.

[4] This evidence makes the questions for the jury, whether the defendant had complied with the contract in giving notices and using the machinery, or, if not, whether plaintiff had waived the requirement as to notice and use. The District Judge was correct, therefore, in the submission of these questions to the jury.

Affirmed.