472 P.2d 700 (1970)
KENSAIR CORPORATION, Plaintiff in Error,
v.
D. E. PELTIER and Ruth Peltier, Defendants in Error.
No. 70-237. (Supreme Court No. 23627.)
Colorado Court of Appeals, Div. I.
June 2, 1970.
Reynolds, Connell & Moran, Larry W. Moran, Boulder, for plaintiff in error.
Robert W. Caddes, Denver, for defendants in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Kensair Corporation sold a used airplane to D. E. Peltier and Ruth Peltier. Prior to this sale, the seller represented to the buyers that the airplane was a 1962 model. After the sale, the buyers discovered that the airplane was in fact a 1961 model. The buyers then brought this action for damages and recovered a judgment for $2,000, which sum is the difference in value between a 1961 model and a 1962 model.
Kensair seeks reversal of this judgment asserting that its representation was not actionable because it was made in good faith and without knowledge of its falsity.
Although plaintiffs alleged in their complaint facts amounting to deceit or false representation, they also alleged a breach of an express warranty in the sale of the airplane. The legal distinction is that a "false representation" is an antecedent statement made as an inducement to enter into a contract while a "warranty" is a part of the contract of sale.
The trial court found that Kensair made the representation in good faith but it also found that the seller's representation was an express warranty as defined by *701 the Uniform Commercial Code, C.R.S.1963, XXX-X-XXX. The judgment entered by the court is based upon its finding of the breach of the express warranty; and therefore, neither the fact that the seller acted in good faith nor the fact that the seller made the warranty without knowledge of its falsity constituted a defense.
At common law, in an action for breach of an express warranty, it was unnecessary to allege or prove a scienter. Shippen v. Bowen, 122 U.S. 575, 7 S.Ct. 1283, 30 L.Ed. 1172. The Uniform Commercial Code does not change the foregoing rule.
Therefore, it is unnecessary to determine whether or not the seller's false representation was actionable in fraud or deceit.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.