**EQUITEC INSTITUTIONAL REAL ESTATE FUND III, Plaintiff,**

v.

**BIOTRAK, INC., Elk River Capital Company, Inc., Biotrak Systems, Inc., PLP Associates, a Minnesota general partnership, Bruce Hoyt, Steven Hoyt, and Bradley Hoyt, Defendants.**

Civ. No. 4–89–597.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 16, 1990.

**68**

Eugene M. Warlich, Marc J. Manderscheid, and Doherty, Rumble & Butler, St. Paul, Minn., for plaintiff.

Robert J. Tansey, Jr., Alfred H. Edwall, Kevin D. Conneely, and Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on the cross-motions for summary judgment of plaintiff Equitec Institutional Real Estate Fund III ("Equitec") and defendants PLP Associates ("PLP"), Bruce Hoyt, Steven Hoyt, and Bradley Hoyt.

## FACTS

The dispute underlying these motions for summary judgment arose in conjunction with the sale of an office/warehouse building known as Palmer Lake Plaza. Defendant PLP is a Minnesota general partnership whose general partners are Steven, Bruce and Bradley Hoyt. PLP owned Palmer Lake Plaza on July 24, 1987 when it entered into a purchase agreement for the property with plaintiff Equitec. The sale of Palmer Lake Plaza to Equitec was concluded on September 30, 1987, when the closing took place. On that date and as part of the sale, PLP provided Equitec with an estoppel certificate and an assignment of leases. The parties do not dispute that the purchase agreement, estoppel certificate and assignment of leases contained certain warranties. In these three documents PLP made representations and express warranties ensuring the status of the building, its occupancy, and that certain identified leases were in full force and effect. Of primary concern to this litigation is the warranty that PLP made expressly ensuring that a lease with its tenant Biotrak, Inc., was in full force and effect.

PLP and Equitec had closed the purchase agreement on September 30, 1987. At the time of the closing, Biotrak, Inc. was in compliance with its lease and occupied its lease space at the PLP complex. Shortly after closing, however, Biotrak, Inc. vacated its leased premises at the PLP complex and began to occupy space in a neighboring building not connected in any way with the PLP complex or Equitec. When Biotrak, Inc. changed its office location, it also changed its name. "Biotrak, Inc." became "Biotrak Systems, Inc." Although Biotrak Systems was a new name, the company remained essentially and in all significant

respects the same entity that had occupied the PLP complex. Shortly after Biotrak vacated its premises at the PLP complex, Equitec brought suit against Biotrak and Biotrak Systems for breach of contract and unjust enrichment. Biotrak Systems, Inc. answered and denied liability. Biotrak, Inc. never answered and although judgment was entered against it and in favor of Equitec in March 1988, no money has ever been realized as a result of the judgment. It was only after discovering that Biotrak could not satisfy the judgment that Equitec amended its complaint and included PLP and its individual partners in the lawsuit. It is Equitec's action against Biotrak and its individual partners which constitutes the litigation which underlies this motion.

### DISCUSSION OF LAW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Although the defendant has moved for summary judgment on a number of grounds, the same standard is used to evaluate the sufficiency of each ground. This standard mirrors the standard for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure, which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1985). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. at 2510. With this standard at hand the court will consider each of defendant's grounds for summary judgment in turn.

### I. Breach of Express Warranties

■ Equitec's first claim is that PLP is liable for breach of express warranty or breach of contract for violating the assurances PLP made in the purchase agreement, the tenant estoppel and the assignment of leases. Equitec claims that in providing express warranties, PLP assumed the risk of the warranted representations being inaccurate. Equitec stresses that PLP is liable for the inaccuracy of the assurances it gave in the form of express warranties regardless of whether PLP knew that these representations were inaccurate. On these two points the law is clear and the court now holds, first, that PLP assumed the risk of their express warranties being inaccurate and, second, that PLP's liability is not conditioned on its knowledge of the inaccuracy. *Shippen v. Bowen*, 122 U.S. 575, 581, 7 S.Ct. 1283, 1285, 30 L.Ed 1172 (1887).

Where Equitec encounters a more difficult obstacle, however, is in proving that PLP's warranties were in fact false and inaccurate. In its attempt to carry this burden of proof, Equitec correctly recognizes that it must prove that Biotrak was in violation of the lease prior to closing. To prove that Biotrak was in violation of the lease, Equitec asserts that Biotrak abandoned the leased premises prior to closing and that Biotrak's purported assignment of its lease constituted a default. Establishing a genuine issue of material fact as to one of these assertions is essential to Equitec's maintenance of its cause of action.

■ In attempting to prove that Biotrak abandoned the leased premises prior to closing, Equitec points to an asset transfer that Biotrak had undertaken prior to closing and the fact that Biotrak had moved some of its physical plant to other leased premises. Although these actions may indicate that Biotrak was changing the form and perhaps even the location of part of its operations, it does not rebut or even put in dispute the fact that Biotrak continuously occupied its leased premises at the PLP complex. PLP gave an express warranty that Biotrak's lease was in full force and effect and that Biotrak was in full compliance with the terms of its lease. This warranty included the assurance that Biotrak was in continuous occupancy of its

leased premises and the court now holds that there is no genuine issue as to whether this assurance was accurate.

■ As an alternative to the assertion that Biotrak abandoned the leased premises, Equitec asserts that Biotrak's attempted assignment of its lease constituted a default under the lease agreement. Equitec's argument is correct insofar as it claims that, if there was a default under the lease agreement at the time of closing, then PLP's express warranties were breached. Because of the express language contained in the lease, however, this argument cannot carry the day. Paragraph 21 of the lease, entitled "ASSIGNMENT OR SUBLETTING" provides in relevant part:

> Lessee agrees to use and occupy the Demised Premises throughout the entire term hereof for the purpose or purposes herein specified and for no other purposes, in a manner and to substantially the extent now intended, and not to transfer or assign this lease or sublet said Demised Premises, or any part thereof, whether by voluntary act, operation of law, or otherwise, without obtaining the prior consent of lessor in each instance.

The language most important to the dispute at hand is contained in the last clause of the above quoted paragraph. The lease indicates that the lessee shall not transfer, assign or lease the premises "without obtaining the prior consent of lessor." In effect, Biotrak's purported assignment of its lease was just that, a purported assignment with no legal significance whatsoever. Not only did Biotrak fail to get PLP's permission to assign the property, but the purported assignee, Stem, Inc., never manifested any intent to assume the lease or the responsibilities thereof. Consequently, Biotrak's purported assignment of its lease was wholly ineffectual and Biotrak was fully liable under the lease agreement at the time of closing. The court holds that all of the express warranties PLP made were accurate and not breached as of the day of closing and that there is no genuine issue of material fact as to any of the assurances that PLP gave to Equitec.

## II. Negligent Misrepresentation

■ Equitec has also moved for summary judgment on the ground that PLP negligently misrepresented the status of Biotrak's lease as of the date of closing. The factual issues involved here are essentially the same as those required for the resolution of the breach of express warranty claim discussed above. Biotrak continuously occupied the PLP complex and PLP's representations about Biotrak were accurate. The court now holds that there is no genuine issue of material fact with respect to Biotrak's occupancy of the leased premises or PLP's representation regarding the status of Biotrak's lease as of the date of closing.

## CONCLUSION

The express warranties PLP made in the purchase agreement, the tenant estoppel and the assignment of leases agreement were accurate and not breached at the time of closing. Biotrak continuously occupied the PLP complex and was in full compliance with the terms of its lease agreement as of the date of closing. Moreover, PLP truthfully represented the status of its lease with Biotrak and Biotrak was fully bound under the terms of its lease agreement at the date of closing. There being no genuine issue of material fact as to any of these matters, summary judgment is appropriate in favor of PLP.

Accordingly, IT IS HEREBY ORDERED that Equitec's motion for summary judgment is denied and that PLP's motion for summary judgment is granted.