DANIEL PLACE *vs.* GEORGE L. MERRILL.

In an action for false warranty whether it be *assumpsit* or Case in tort, a *scienter* need not be averred by the plaintiff, and if averred need not be proved.

EXCEPTIONS to the Court of Common Pleas.

*December* 20, 1884. DURFEE, C. J. This is Case in tort for a false warranty in the sale of a horse, the horse being warranted sound and free from disease. The declaration alleges that the defendant made the warranty deceitfully, knowing that the horse

was diseased. The question raised by the exceptions is, whether the plaintiff is entitled to recover without proof that the defendant knew the horse to be diseased. We think he is on authority. An action on the case sounding in tort was the old remedy for a false warranty. In *Williamson* v. *Allison*, 2 East, 446, decided in 1802, Lord Ellenborough said that the remedy by *assumpsit* "had not prevailed generally above forty years." In *Stuart* v. *Wilkins*, 1 Doug. 18, decided in 1778, Lord Mansfield regarded *assumpsit* as a novelty and hesitated to sanction it. It is now well settled that either *assumpsit* or Case in tort is maintainable. It is also well settled that no *scienter* need be averred either in *assumpsit* or tort, and that if averred, being unnecessary, it need not be proved. *Williamson* v. *Allison, supra ; Gresham* v. *Postan,* 2 Car. & P. 540 ; *Brown* v. *Edgington,* 2 M. & G. 279 ; *Holman* v. *Dord,* 12 Barb. S. C. 336 ; *Howe* v. *Fort,* 4 Blackf. 293 ; *Trice* v. *Cochran,* 8 Gratt. 442 ; *Lassiter* v. *Ward,* 11 Ired. 443 ; *Tyre* v. *Causey,* 4 Harring. Del. 425; *Schuchardt* v. *Allens,* 1 Wall. 359. See, also, *Burgess* v. *Wilkinson,* 13 R. I. 646. The defendant refers to *Pierce* v. *Carey,* 37 Wisc. 232, and *Sweeney* v. *Vroman,* 18 Reporter, 447, two Wisconsin cases, in which it was held that in tort the *scienter* must be alleged and proved. The reasoning of the court in those cases is very cogent, but the decisions are counter to a long and authoritative line of precedents which we think must be held to have established the law.                                *Exceptions overruled.*

*Edward D. Bassett,* for plaintiff.

*Hugh J. Carroll & Patrick H. Mulholland,* for defendant.