JAMES FOGARTY *vs.* EMOR BARNES *et als.*

In an action for false warranty, whether it be *assumpsit* or case in tort, a *scienter* need not be averred by the plaintiff, and, if averred, need not be proved.

This rule of practice is not affected by Pub. Laws R. I. cap. 754, of April 26, 1889.

*Place* v. *Merrill*, 14 R. I. 578, affirmed.

EXCEPTIONS to the Court of Common Pleas.

*October* 19, 1889. PER CURIAM. This is trespass on the case in tort for falsely and deceitfully warranting the soundness of a horse. The declaration alleges that the defendant gave the warranty knowing the horse to be unsound. The defendant asked the court below to rule that the plaintiff must prove this allegation in order to recover. The court refused, and, following the decision of this court in *Place* v. *Merrill*, 14 R. I. 578, ruled that proof of knowledge was not necessary. The decision in *Place* v. *Merrill* was made pursuant to a long line of precedents, and the defendant admits its correctness as authority. He asks us to decide differently now, because, since said decision, the General Assembly has enacted a law [1] under which defendants in actions of trespass on

---

[1] *I. e.* Pub. Laws R. I. cap. 754, of April 26, 1889, amending Pub. Stat. R. I. cap. 225, § 1, as follows:

"Whenever any person shall be imprisoned for want of bail in any civil action, or upon surrender or commitment by bail in any such action, or for non-payment of any military fine or state or town tax, or on execution in any civil action, except on executions awarded in actions on penal statutes or on bonds given in pursuance of the provisions of this chapter, or in any action of trover, all actions of trespass on the case, any action of detinue or trespass other than trespass *quare clausum fregit*, in which title to the close was in dispute, and trespass and ejectment, or in an action prosecuted by bail against his principal, the sheriff or keeper of the jail may grant such person a chamber or lodging in

the case may be committed on execution against them to close jail, without the privilege of enlargement on giving bond for the limits.   The argument is, that the General Assembly thus recognizes a clear distinction between actions *ex contractu* and actions *ex delicto*, which is confounded by allowing trespass on the case in tort to lie for mere breach of warranty, unaccompanied by intentional falsehood or deceit.   We feel the force of the argument, but nevertheless do not see how it can prevail, since the new law does not purport to limit the scope of the action, but only to change the remedy therein.   The action is very widely applicable, and it lies many times where there is little or no moral fault, and sometimes where *assumpsit* lies, just as, if not more, appropriately.

We may add that it was not until after this action was brought that the new law was enacted.[1]                  *Exceptions overruled.*

*Charles F. Baldwin & James Harris*, for plaintiff.

*Simon S. Lapham*, for defendant.

NOTE. — The above action was brought against Barnes and two others.   A verdict of guilty was rendered against Barnes alone.

November 23, 1889, the court ruled that each of the defendants acquitted is .entitled to full costs of the court, and to the money paid by him for witness and officer's fees on summons before acquittal, upon proof of payment by affidavit.

any of the houses or apartments belonging to such jail, and liberty of the yard within the limits thereof, upon reasonable payment to be made for chamber room, and upon bond being given by such person as hereinafter provided."

[1] The writ in this case bears date April 15, 1889.   It is a writ of summons, and was served April 18, 1889.