## PROVIDENCE COUNTY.

---

### IRA INGRAHAM *vs.* UNION RAILROAD COMPANY. ·

In an action for false warranty whether in *assumpsit* or in case for tort a *scienter* need not be averred, or, if averred, proved : Affirming *Place* v. *Merrill,* 14 R. I. 578, and *Fogarty* v. *Barnes,* 16 R. I. 627.

A public announcement by the vendor's agent at an auction sale of horses "that all horses which would then and there be offered for sale had been driven single, and that all horses which were not kind and safe to drive single would be mentioned and specified at the time when they were sold," amounts to a warranty that all horses which should be then and there sold were kind and safe to drive singly unless the contrary was stated.

If a representation as to the character or quality of an article sold be positive and not a mere matter of opinion, and the vendee understands it and relies on it as a warranty, the vendor is bound thereby whether he intended it to be a warranty or not.

TRESPASS ON THE CASE. Certified from the Common Pleas Division on demurrer to the declaration.

*January* 30, 1896. TILLINGHAST, J. The only ground upon which the defendant's counsel bases his demurrer to the plaintiff's declaration in this case is that it does not allege that the defendant company, or its agents and servants, knew or ought to have known that the horse sold to the plaintiff by said defendant was vicious and. unfit to drive in single harness. But this court has twice decided that in an action for false warranty of a horse, whether it be *assumpsit* or case for tort, a *scienter* need not be averred, and if averred need not be proved. *Place* v. *Merrill*, 14 R. I. 578 ; *Fogarty* v. *Barnes*, 16 R. I. 627. We see no reason to depart from the decisions rendered in those cases.

While we might properly stop here, yet as the counsel for the defendant has taken the point in his brief that the representations and declarations, alleged to have been made by the agent of the defendant at the· time of the sale in question, are not sufficient to constitute a warranty, which point has also been fully discussed in the brief of plaintiff's counsel, we deem it proper, in order to avoid the necessity of again hearing the case on an amended demurrer, to pass upon the question thus raised.

The declaration charges in substance, in the first count, that the defendant was the owner of a large number of horses which it was desirous of selling, and did offer for sale by public auction ; that at the time of said sale, before it began, in order to induce the plaintiff to purchase one of said horses, said defendant, by its agent, publicly stated and declared that all the horses which would then and there be offered for sale had been driven single, and that all the horses that were not kind and safe to drive single would be mentioned and specified at the time when they were sold ; that after the making of said statement several horses were sold, one or more of which were stated to be unsafe to drive single, and then a black horse numbered 54 was put up and offered for sale by said defendant, and the plaintiff and others were requested to bid for said horse ; that when said horse was offered for sale, and while the sale was being made, said company, by its agent, did not mention nor state that said horse

was unsafe and dangerous to drive single, and the plaintiff, not knowing said horse to be unsafe, and wholly relying on the representations aforesaid, and believing that said horse was safe to drive single, bid upon the same and became the purchaser thereof. And the plaintiff says that he, confiding in the statement and representation aforesaid, and believing said horse to be safe to drive single, then and there led said horse away, put his own harness upon him and attached him single to his own carriage, and set forward with said horse to go to his home. Yet the plaintiff says that said horse was not then and there safe to drive single, but was exceedingly unsafe and dangerous. And almost immediately, although the plaintiff is an experienced driver and exercised the greatest care in driving said horse, and without any negligence on the part of the plaintiff, and without any cause save the vicious and ugly nature of the said horse, he became uncontrollable and furious, and kicked and plunged about with terrible violence and force, whereby the plaintiff's carriage was demolished, his harness destroyed, and the plaintiff himself thrown out and greatly injured.

The second count, after setting out the defendant's representations made as aforesaid, alleges that it became and was the duty of the defendant then and there to state to the plaintiff that said horse was unsafe and dangerous to drive single, yet that said defendant negligently and carelessly omitted and failed to give the plaintiff notice of the dangerous nature of the horse, &c., as by its agent it had agreed and promised to do, whereby the plaintiff was injured as aforesaid.

Any positive affirmation or representation made by a vendor at the time of the sale with respect to the subject thereof, which operates as an inducement thereto, unless it be the expression of a mere matter of opinion, or purely matter of description, constitutes a warranty. In other words, a warranty under a sale of personal property is a statement or representation of fact made by the vendor as to the character or quality of the article sold or of the title thereto, whereby the vendor promises that the thing is or shall be as repre-

sented ; 28 Amer. & Eng. Encycl. of Law, p. 738, and cases cited in note 1. In *Handy* v. *Waldron*, 18 R. I. 567, this court adopted the following brief definition : "A warranty is a statement of fact as to an article sold, coupled with an agreement to make the statement good." Such an agreement may be expressed or implied. Nor is any particular form of words necessary to create a warranty ; any definite statement or affirmation as to the quality of the thing sold, made by the seller at the time, which it may reasonably be supposed was intended to induce the sale, and which is relied on by the purchaser, may be regarded as constituting a warranty ; and if the vendor at the time of the sale affirms a fact as to the quality of the thing sold, in clear and intelligible language, and the purchaser buys on the faith of such affirmation, there is an express warranty, and the vendor is liable in damages if the article sold is not what it is represented to be. Nor is it true, as sometimes stated, that the representation, in order to constitute a warranty, must have been intended by the vendor, as well as understood by the vendee, as a warranty. For if the representation as to the character or quality of the article sold be positive, and not mere matter of opinion, and the vendee understands it and relies upon it as a warranty, the vendor is bound thereby, no matter whether he intended it to be a warranty or not. As said by Earle, C., in *Hawkins* v. *Pemberton*, 51 N. Y. 198, 202 : "He is responsible for the language he uses, and cannot escape liability by claiming that he did not intend to convey the impression which his language was calculated to produce in the mind of the vendee." ·

We think the language alleged to have been used by the defendant's agent in the case at bar, in the circumstances detailed in the declaration, was sufficient to constitute a warranty under the rule above stated, and that the plaintiff had the right to rely thereon. The statement alleged to have been relied on was, "That all horses which would then and there be offered for sale had been driven single, and that all horses which were not kind and safe to drive single would be mentioned and specified at the time they were sold." This was

equivalent to an affirmation that all horses which should be then and there sold were kind and safe to drive singly unless the contrary was stated.    If, therefore, the plaintiff purchased the horse in question relying upon said affirmation, and it turned out that said horse was unsafe and dangerous to drive singly, and the plaintiff had been damaged thereby, we think he is entitled to recover.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Nathan W. Littlefield, Walter R. Stiness & Edward C. Stiness,* for plaintiff.

*David S. Baker,* for defendant.