TIMOTHY E. SLATTERY vs. RICHARD M. COLGATE et al.

PROVIDENCE—JUNE 4, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Negligence. Duty of Manufacturer of Article not Inherently Danger-
ous to Purchaser.*

Plaintiff, a barber, bought of a dealer in barbers' supplies soap made by de-
fendant called C. & Co.'s shaving soap, which was placed by defendant
on the market and intended to be used in shaving by barbers and others.
Plaintiff alleged that defendant was negligent in manufacturing the
soap, so that it contained an excess of alkali whereby the faces of his
customers were burned, and in consequence thereof plaintiff lost their
custom:—

*Held,* that, as alkali was a necessary ingredient of soap, unless the defend-
ant knew of the excess he was not liable.

TRESPASS ON THE CASE for negligence. Heard on demur-
rer to declaration, and demurrer sustained.

(1)     PER CURIAM. The case comes before us upon demurrer to
the declaration, which alleges that the plaintiff, who is a
barber in the city of Providence, on the 5th day of Septem-
ber, 1902, bought of a firm of dealers in barbers' supplies
certain packages of soap made by the defendants and called
Colgate & Company's Shaving Soap, which were placed by
the defendants upon the market, and intended to be used in
shaving by barbers and others; that the defendants were
careless and negligent in manufacturing this soap, so that
when they placed it upon the market it contained an excess
of alkali, a poisonous substance, and when used by the plain-
tiff in his business and applied to the faces of his customers
it burned, poisoned, and disfigured their faces, and in conse-
quence thereof the plaintiff lost their custom and the custom
of others.

The defendants assign as grounds of demurrer that the
facts as stated show no duty towards the plaintiff imposed
by law upon the defendants, and no cause of action by the
plaintiff against the defendants.

The whole subject of the responsibility of a manufacturer

to persons using his products, on account of defects therein, has been recently fully discussed by this court in *McCaffrey v. Mossberg & Granville Mfg. Co.*, 23 R. I. 381.

We think the case can only be sustained if it can be brought within the second class referred to there—the article involved not being an inherently dangerous one, but one which may have become so by the acts or neglect of the manufacturer—in which case he is not liable unless he knows of the defect and practices deceit in exposing the defective product for sale. Alkali of some kind is a necessary ingredient of soap; and it is no deceit to include it in the manufacture of the article for the market. It is only the excess of alkali that can render the compound hurtful to the human skin. Unless the defendants knew of this excess they cannot be held liable. It is not alleged that they had this knowledge, only that they were negligent.

The declaration also shows that the plaintiff was negligent in continuing the use of the article upon "a large number" of customers, and thus contributed to the loss of trade which is the burden of his action.

The demurrer must be sustained.

*James J. Nolan, Jr.,* and *Patrick J. McCarthy,* for plaintiff.

*A. S. Johnson,* for defendant.