· ALICE M. NEWHALL *vs.* WARD BAKING COMPANY.

Essex. November 10, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deceit. Food,* Foreign substance in bread.

A manufacturer of a certain kind of bread enclosed it in a wrapper which stated that the "bread is 100 per cent pure, made under the most modern, scientific process; has very special merit as a healthful and nutritious food." A woman gave to her grocer "an order for things, including bread," without specifying bread manufactured by the defendant, and a loaf of the defendant's bread was delivered to her by the grocer, upon eating which she was injured by a part of a nail imbedded in it. She brought against the manufacturer an action of tort alleging that the representations upon the wrapper were made by the defendant as of its own knowledge, that they were false, that she relied on them in purchasing the bread and that she was injured in consequence. There was a verdict for the plaintiff. *Held,* that

(1) The representation upon the wrapper was not that there might not

accidentally be in the bread some foreign substance, like a nail, which did not permeate the loaf nor constitute one of its ingredients;

(2) The burden was on the plaintiff to show not only a representation by the defendant that was false, but also one that was fraudulent, as distinguished from an innocent misrepresentation; and there was no evidence that the defendant knew of the presence of the nail in the bread;

(3) A negligent failure by the defendant to discover or to prevent the presence of the nail was not such fraud as would be the basis of an action for deceit in the circumstances;

(4) There was no evidence that the plaintiff relied on the representations made by the defendant on the wrapper;

(5) A verdict should have been ordered for the defendant.

Tort, with a declaration in two counts, for personal injuries resulting from the plaintiff swallowing a part of a nail which was imbedded in a loaf of bread manufactured by the defendant. Writ dated June 16, 1919.

In the first count of the declaration the plaintiff alleged that "the defendant advertised a food known as 'Ward's Peace Time Bread' as being prepared by the defendant and as being made in such a manner that the same was '100% pure and made under the most modern, scientific process;' . . . that the defendant represented said bread as having 'very special merit as a healthful and nutritious food' meaning thereby to represent that the said bread contained no deleterious substances; . . . that these representations were made by the defendant, as of its own knowledge and that said representations were false and that the defendant knew or ought to have known the said representations were false;" that on or about May 10, 1919, "relying on such representations, the plaintiff purchased one loaf of the defendant's bread which was contained in a wrapper with the above-named representations printed thereon; . . . that the said bread was so improperly and negligently prepared, compounded and mixed by the said defendant, its agents or servants that the same contained a tack one-half inch in length which the defendant knew or ought to have known was contained in said bread, so that when the plaintiff using due care ate the said bread the tack contained in said bread caught in the throat of the plaintiff," causing the injuries of which the plaintiff complained.

In the second count of the declaration, the plaintiff alleged, as the cause of the presence of the tack in the bread and of her injuries, "negligence of the defendant, its agents or servants."

The action was tried before *White*, J.  Material evidence is described in the opinion.  At the close of the evidence, the defendant moved that a verdict be ordered in its favor on each count of the declaration.  The motion was allowed as to the second count and denied as to the first count.  The jury found for the plaintiff on the first count in the sum of $200; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. M. Noble*, for the defendant.

*J. W. Sullivan, J. F. Doyle & M. T. Holdsworth*, for the plaintiff.

DE COURCY, J.  Part of a nail, in a loaf of bread manufactured by the defendant, lodged in the plaintiff's throat.  She bought the bread from a retail grocer; and as there was no contract between her and the defendant, there is no liability based on implied warranty of the wholesomeness of food sold for immediate consumption.  *Gearing* v. *Berkson*, 223 Mass. 257.  *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90.  L. R. A. 1917 F 472 note.  While the declaration contained no count in contract, it did contain one in tort for negligence.  The general·rule that a manufacturer of an article is not liable for negligence in its manufacture to a third person with whom he has no contractual relations, is subject to certain well settled exceptions.  *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, and cases collected.  One of these exceptions recognizes the liability of a tortfeasor to third persons for negligence in the preparation of food for human consumption.  The tendency of courts is to hold such manufacturer to a high degree of care, because of the serious consequences to human life likely to follow his negligence.  *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265.  And manifestly food which contains a nail or other like foreign substance may be quite as unfit for consumption as if it were composed of deleterious ingredients.  *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65.  *Watson* v. *Augusta Brewing Co.* 124 Ga. 121.  *Crigger* v. *Coca-Cola Bottling Co.* 132 Tenn. 545.  See *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86; *Liggett & Myers Tobacco Co.* v. *Cannon*, 132 Tenn. 419.  In the present case, however, it is unnecessary to consider the liability of the defendant as a tortfeasor for negligence, because the trial judge directed a verdict for it on the second count, and the correctness of that ruling is not before us on the defendant's exceptions.

The count on which the plaintiff got a verdict was based on deceit, and is similar to that in *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449. The alleged representation was printed upon the wrapper: "This bread is 100 per cent pure, made under the most modern, scientific process, has very special merit as a healthful and nutritious food. The water of which this bread is made contains Arkady Yeast Food," etc. The representation is claimed to be false because of the presence in the loaf of bread of the top end of a wire nail, described as follows: "The nail has a circular head and at its widest part is one fourth inch. The length of the nail, without the head, is nine thirty seconds of an inch. The diameter of the nail is three thirty seconds of an inch." It seems quite apparent that the words relied on — "100 per cent pure" and "healthful . . . food" — were used in the sense of containing no deleterious or unwholesome ingredients; such, for instance, as would constitute adulterations or injurious materials under the statute relative to the manufacture of bread. St. 1915, c. 258, § 1. See also the pure food law, St. 1917, c. 208, § 7. As we construe the printed representation, it does not include the accidental presence in bread otherwise fit for human consumption, of a foreign substance like a nail, not permeating the loaf nor constituting one of its ingredients. Further, the burden was on the plaintiff to show not only a representation that was false, but one that was fraudulent, as distinguished from an innocent misrepresentation. As to this, there was no evidence that the defendant knew there was a nail in the loaf of bread. Even if the failure to prevent or to discover its presence was negligent, negligence is not fraud, — which imports design and purpose. Bower on Actionable Misrepresentation, 116. *Bowker* v. *Delong*, 141 Mass. 315. See *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 344. *Cole* v. *Cassidy*, 138 Mass. 437, 439.

The rule applicable where a representation is made positively, as of the defendant's own knowledge, was not presented to the jury accurately. As it was stated in *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, 404: "It is well settled in this Commonwealth that the charge of fraudulent intent, in an action for deceit, may be maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is sus-

ceptible of actual knowledge; and in such case it is not necessary
to make any further proof of an actual intent to deceive. The
fraud consists in stating that the party knows the thing to exist,
when he does not know it to exist; and if he does not know it to
exist, he must ordinarily be deemed to know that he does not."
On the facts disclosed, it is difficult to see how this doctrine is
applicable. Nor is it apparent that the plaintiff relied upon the
alleged representation, or knew of its existence, when she gave
her grocer "an order for things, including bread," without
specifying Ward's bread.

We are of opinion that the defendant's motion for a directed
verdict on the first count should have been granted. *Windram.
Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123. It is unneces-
sary to consider the exception to the charge, as the same question.
is not likely to arise on a new trial.

*Exceptions sustained.*