GEORGE ALPINE *vs.* FRIEND BROS. INC.
GRACE M. ALPINE *vs.* SAME.

Essex.    December 6, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Deceit.  Food.*

An action of tort for deceit cannot be maintained against a corporation which is a manufacturer of bread for personal injuries suffered by one who purchased the bread from a retail dealer and was injured by a piece of tin therein, where the plaintiff rests his right of recovery on the fact that he purchased the bread by reason of a representation in an advertisement of the defendant that the bread was "made under ideal conditions — in kitchens spotlessly clean and equipped with the most scientific aids to bread-making. The material used are of the best, and the actual bread-makers are experts. Friend's Bread comes to you wrapped in wax paper — sweet, healthful and tasty bread," and that "Grown folks and children alike may eat as many slices as they please without fear of harm;" if it does not appear that the defendant and its agents had knowledge of the presence of the tin in the loaf of bread or that the printed statements were made with recklessness and without an honest belief in the truth of the representations, and there is no evidence of the declaration of a half truth or of the concealment of any fact which the defendant could have divulged, the representation in the advertisement not amounting to a declaration that by no accident nor mischance could there ever be any foreign substance in any loaf of bread manufactured by the defendant.

TWO ACTIONS OF TORT. The declaration in the second action, as amended, was in two counts, the first count alleging personal injuries sustained by the plaintiff by reason of negligence of the

defendant in making bread which contained a piece of tin. The second count is set out below: The first action was by the husband of the plaintiff in the second action for consequential damages. Writs dated January 6, 1921.

The second count of the amended declaration in the second action was as follows: "The plaintiff says that the defendant was for a long time prior to the twenty-second day of July, 1919, a corporation engaged in the business of manufacturing and selling bread in Lynn in said county and Commonwealth aforesaid and that the defendant was and is now a corporation engaged in said business in said Lynn; that on or about the said date the defendant manufactured and sold certain bread among certain retail dealers of bread in said Lynn for the purpose of selling the same to the consumers of said bread; that the plaintiff, through her daughter bought a loaf of said bread at one of the said stores for the purpose of using the same for food; that the plaintiff on or about the last mentioned date while eating a piece of the said bread bought by her said agent of one Stacey, who was one of the said retail dealers of said bread; was severely injured on account of coming in contact with a piece of metal which was contained in said bread; that for many years prior to the said twenty-second day of July, 1919, the said defendant always represented to the consumers of said bread and to the public generally that the bread made and sold by it was wholesome, fit for consumption as food and free from noxious or foreign substances or bodies; that the said representations were made as of the defendant's own knowledge, whereas in truth and in fact, such representations were not true but were false, in that the said bread eaten by the plaintiff contained a piece of metal; that such representations were intended by the defendant to be made impliedly to all persons who should lawfully eat as food the bread of the defendant, including the plaintiff herein; that the plaintiff herein relied upon said representations of the defendant in eating the said bread, and as a result thereof was seriously injured because of the untruthfulness of the said representations that the said bread was fit for consumption as food and contained nothing unfit for use as food."

In the Superior Court, the actions were tried together before *Dubuque,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that verdicts be

ordered in its favor upon both counts in both actions. The motion was granted as to the first counts and denied as to the second counts. The jury found for the plaintiff on the second count in the first action in the sum of $175, and for the plaintiff on the second count in the second action in the sum of $1,250; and the defendant alleged exceptions.

*W. D. Gray,* for the defendant.

*J. J. Ronan & E. S. Farmer,* for the plaintiffs.

PIERCE, J. The first of these actions is brought by the husband of the plaintiff in the second action to recover consequential damages sustained by him by reason of the alleged injuries to his wife. The amended declaration in the second action was in two counts — the first based on negligence, the second on deceit. The trial judge directed a verdict for the defendant on the first count and denied a motion for a verdict on the second. The actions were submitted to the jury, which returned verdicts for the plaintiffs. The cases are before this court on a single bill of exceptions to the refusal of the judge to direct a verdict on the motion.

The material facts upon which the female plaintiff relied are that on June 22, 1919, at her direction her daughter purchased of a retailer a loaf of "Friend's Milk Bread" which the plaintiff knew was manufactured by the defendant; that she had used the bread manufactured by the defendant for a period of more than six years; that she had seen advertisements of the defendant's milk bread in all the papers; that she noticed it came in wrappers and read what was written on the wrapper; that the loaf of bread which her daughter purchased and brought back was done up in wax paper and corresponded to Friend's bread that she had been using for some time; that she sliced some of the bread and toasted it for breakfast; that while tasting it she felt something sharp in her mouth and pulled out a piece of tin; that her mouth was all blood; that there was another piece of tin in the bread; that previous to the purchasing of this bread she had seen the advertisements of the defendant in the Salem and Lynn newspapers; that in purchasing the bread on the date of the accident she relied on the newspaper advertisements and upon what was on the wrapper. The language on the wrapper and in the other advertisements did not appear in evidence.

Evidence of advertisements similar to the ones relied upon when the particular purchase was made was in evidence. One advertisement read, in part, as follows: "Friend's Bread is made under ideal conditions — in kitchens spotlessly clean and equipped with the most scientific aids to bread-making. The material used are of the best, and the actual bread-makers are experts. Friend's Bread comes to you wrapped in wax paper — sweet, healthful and tasty bread." Another advertisement read that "Friend's Bread is made in kitchens whose sanitary conditions are beyond question, and the loaf comes to you neatly wrapped in waxed paper."

The plaintiff does not contend that the presence of the pieces of tin in the bread constitutes an adulteration within the terms of G. L. c. 94, § 186; nor does she claim that the presence of the tin in conjunction with the statements upon the wrapper constitutes a misbranding within the provision of G. L. c. 94, § 187.

To recover in an action of deceit the plaintiff must prove as to the misrepresentation that it was as to a matter of fact, which may include a belief or an intention, made by the defendant or his agent; that it was made with the intention to induce another to act upon it; that it was made with knowledge of its untruth or was made of a fact susceptible of actual knowledge with recklessness as to its truth or falsehood, or was the utterance of a half truth which in effect is a lie, or was the failure to disclose known facts when there was a duty, original or supervening, to disclose; that it was intended that it should be acted upon, as it was, and that damage directly resulted therefrom. *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 579. *Derrey* v. *Peek,* 14 App. Cas. 337. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403. *Angus* v. *Clifford,* [1891] 2 Ch. 449. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123. Bower, Actionable Misrepresentation, c. 2, § 15.

The plaintiff rests his right of recovery solely upon the proposition that the presence of pieces of tin in the loaf of bread was "susceptible of exact knowledge" and that the representation that "Grown folks and children alike may eat as many slices as they please without fear of harm" was a representation that the bread did not contain anything that would cause injury to the consumer. We do not think the printed representations above

quoted, fairly understood, can be construed to be a declaration that by no accident or mischance can there ever be any foreign substance in any loaf of bread manufactured by the defendant. There is no evidence and no claim that the defendant and its agents had knowledge of the presence of the tin in the loaf of bread; nor is there any evidence that the printed statements were made with recklessness and without an honest belief in the truth of the representations; nor is there any evidence of the declaration of a half truth or of the concealment of any fact which the defendant could have divulged.

We think the case on the facts and in principle cannot be distinguished from *Newhall* v. *Ward Baking Co.* 240 Mass. 434; and that the defendant's motion for a directed verdict on the amended count of the declaration should have been granted.

*Exceptions sustained.*

