Jennie RUSSO, as Administratrix of the Estate of Thomas D. Russo,

v.

MERCK & CO., Inc.

Civ. A. No. 1892.

United States District Court
D. Rhode Island.

Jan. 19, 1956.

---

Leo M. Goldberg, Providence, R. I., for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, and Stephen B. Ives, Jr., Providence, R. I., of counsel, for defendant.

DAY, District Judge.

In this action the plaintiff in her capacity as administratrix of the estate of Thomas D. Russo seeks to recover damages for the wrongful death of her intestate. Her complaint alleges his death resulted from the administration to him by his physician while he was a patient in a hospital of blood plasma, manufactured and sold by the defendant to said hospital, which contained poisonous substances.

The complaint is in two counts. The first alleges that the intestate's death was caused by the negligence of the defendant; the second purports to state a cause of action in deceit for false warranty.

The defendant has moved to strike paragraph 5 of the first count of the complaint or in the alternative the words

"said Defendant Corporation represented, stated and warranted the said blood plasma, as prepared and manufactured by the Defendant Corporation was in no way harmful or injurious to the human body, but on the contrary * * *."

Motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., are not looked upon

with favor and should not be granted even though the averments complained of are literally within the provisions of Rule 12(f) in the absence of a showing that they have no relation to the controversy or are clearly prejudicial to the movant. De Belaieff v. Moulton, D.C.R.I. 1955, 17 F.R.D. 207; Walmac Co. v. Isaacs, D.C.R.I.1954, 15 F.R.D. 344. I do not think that it can be fairly said that the averments which defendant has moved to strike have no relation to the controversy. In addition, there has been no showing that their retention in the complaint will be prejudicial to the defendant. For these reasons the motion to strike is denied.

The defendant has also moved to dismiss the second count on the ground that it fails to state a claim upon which the plaintiff is entitled to relief. The plaintiff contends that it states a cause of action in deceit for false warranty on which the plaintiff is entitled to relief.

In substance the count alleges that the defendant warranted that the blood plasma manufactured and sold by it was in no way harmful to the human body, that it advertised it as beneficial, and that the physician of the plaintiff's intestate relied upon such warranty and advertising, and relying thereon, administered it to plaintiff's intestate. There is no allegation that the defendant sold said plasma to the plaintiff's intestate or to his doctor. On the contrary, the plaintiff in her complaint alleges that the blood plasma was sold to the hospital in which plaintiff's intestate was a patient. In addition, there is no averment that the defendant had knowledge that the blood plasma contained poisonous substances when it represented that it was not harmful to the human body.

The defendant, in support of its motion, contends that the second count fails to state a claim upon which plaintiff is entitled to relief because, it appearing therein that there was no privity of contract between plaintiff's intestate and the defendant, the complaint fails to allege a knowledge by the defendant that the blood plasma contained poisonous sub-

stances when the alleged representations were made by it.

■ Since the jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount, this question must be determined in accordance with the law of Rhode Island as determined by its Supreme Court or by its lower courts in the absence of a decision by the former. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

The plaintiff relies upon the cases of Ingraham v. Union Railroad Co., 19 R.I. 356, 33 A. 875; Fogarty v. Barnes, 16 R.I. 627, 18 A. 982; and Place v. Merrill, 14 R.I. 578. It is true that in each of those cases the plaintiff sued in tort for false warranty. But that is the only respect in which those cases are similar to the present case. Each of the cases arose out of sale between the parties and involved an alleged false warranty made by the defendant to the plaintiff. Since there was privity of contract between the parties, the Rhode Island Supreme Court held that the plaintiff in each case had an election of remedies which he might pursue, either to sue in assumpsit or in case for tort, and that scienter need not be averred or if averred need not be proved. This was in accordance with the long established rule in such cases. See Schuchardt v. Allens, 1 Wall. 359, 17 L.Ed. 642; Shippen v. Bowen, 122 U.S. 575, 7 S.Ct. 1283, 30 L.Ed. 1172.

■ However, where there is no warranty, express or implied, it is equally well settled that in an action of deceit to recover damages for alleged fraudulent misrepresentations it is necessary for the plaintiff to allege and prove scienter. Shippen v. Bowen, supra; Halsey v. Minnesota-South Carolina Land & Timber Co., 4 Cir., 28 F.2d 720; Alpine v. Friend Bros., Inc., 244 Mass. 164, 138 N.E. 553.

■ In the present case there was no privity of contract between the plaintiff's intestate and the defendant, and apart

from privity of contract there can be no warranty.

■■ I have been unable to find any Rhode Island decisions involving the precise point presented here. In the absence thereof it becomes my duty to predict what the courts of Rhode Island would probably decide if the issue were before them. Mutual Ben. Health & Accident Ass'n v. Cohen, 8 Cir., 194 F.2d 232. While obiter dicta in State Court opinions are not binding, they may be respected and of value in making a prophecy as to what such State Courts would probably hold in a particular situation.

In my opinion there is dictum in at least two Rhode Island cases which indicates to me what the decision of the Rhode Island Courts would probably be on the issue here presented. In McCaffrey v. Mossberg & Granville Mfg. Co., 23 R.I. 381, 50 A. 651, 55 L.R.A. 822, the plaintiff was injured while operating a machine made by the defendant and sold to the plaintiff's employer. He sued the defendant alleging negligence by it in the original construction of the machine. The Court sustained a demurrer to the declaration holding that since the plaintiff was not in privity of contract with the defendant an action for negligence could not be maintained. In the course of its opinion the Court did, however, say, by way of dictum, that in certain classes of cases a defendant might be liable to those with whom he does not stand in privity of contract. Among those cases were cases where the defendant had been guilty of fraud or deceit in passing off the thing. With respect to this class of cases the Court said, 23 R.I. at pages 383–384, 50 A. at page 652:

"* * * A similar principle governs the second class of cases, in which the degree of danger in the thing itself may be less, but where the seller actually knows of the danger in the article, and puts it forth by some fraud and deceit. In such cases the breach of duty grows out of the fraud or deceit in the sale, and it extends to persons injured thereby who may reasonably be deemed to be within the contemplation of the parties to the transaction. * * *"

In Slattery v. Colgate, 25 R.I. 220, 55 A. 639, the plaintiff, a barber, bought of a dealer in barber's supplies soap made by the defendant which he claimed contained an excess of alkali and injured his customers, causing him to lose custom. He sued the defendants alleging negligence by them in the manufacture of the soap. In sustaining a demurrer to the plaintiff's declaration, the Court, citing McCaffrey v. Mossberg & Granville Mfg. Co., supra, said, 25 R.I. at page 221, 55 A. at page 639:

"* * * We think the case can only be sustained if it can be brought within the second class referred to there—the article involved not being an inherently dangerous one, but one which may have become so by the acts or neglect of the manufacturer—in which case he is not liable unless he knows of the defect, and practices deceit in exposing the defective product for sale. * * * It is the excess of alkali that can render the compound hurtful to the human skin. Unless the defendants knew of this excess they cannot be held liable. It is not alleged that they had this knowledge, only that they were negligent. * * *"

In my opinion the quoted language from these opinions indicates that the Supreme Court of Rhode Island would hold in an action of deceit for damages by a person against a manufacturer or vendor where there is no privity of contract between them that it would be necessary for the plaintiff to allege scienter. And this would be in accord with the overwhelming weight of authority that ordinarily in an action of deceit in the absence of a warranty, express or implied, an allegation of scienter is necessary.

I have no reason to believe that the Courts of Rhode Island would depart from this rule. In a recent case, Lom-

bardi v. California Packing Sales Co., R.I., 112 A.2d 701, the Supreme Court held that the purchaser of canned apricot juice could not maintain an action in assumpsit for breach of an implied warranty against a wholesaler where there was no privity of contract between the parties. The Court held that such an action was not maintainable at common law and that where no emergency or extreme conditions existed it would not resort to judicial legislation to avoid the common law rule.

The plaintiff relies heavily on the case of Roberts v. Anheuser-Busch Brewing Ass'n, 211 Mass. 449, 98 N.E. 95. An examination of that case discloses that no question of the sufficiency of the pleadings was raised by the defendant. Later Massachusetts cases, such as Tompkins v. Quaker Oats Co., 239 Mass. 147, 131 N.E. 456 and Newhall v. Ward Baking Co., 240 Mass. 434, 134 N.E. 625, would seem to hold that there can be no recovery where no privity of contract exists in an action for fraud or deceit without an allegation that the defendant knew the representation to be false.

In the case of Hruska v. Parke, Davis & Co., 8 Cir., 6 F.2d 536, also relied upon by the plaintiff, there was an allegation in the complaint that the defendant had knowledge that its product contained dangerous substances and despite this knowledge made the representation upon which the action for fraud was based.

Similarly, in the case of Huset v. J. I. Case Threshing Machine Co., 8 Cir., 120 F. 865, also cited by the plaintiff, the complaint alleged that the defendant knew of the existence of the dangerous condition of the machine when it shipped it.

 Believing as I do that the Supreme Court of Rhode Island would hold that in an action for deceit by a purchaser against a manufacturer of medicines or drugs where no privity of contract exists between them that the plaintiff must allege scienter on the part of the defendant, I conclude that the plaintiff's second count fails to state a claim upon which she is entitled to relief. The defendant's motion to dismiss this count is granted with leave to the plaintiff to file an amended second count within twenty days if she desires to do so.